UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>A.M., a minor; D.P., a minor; ANDREA MORGAN in her personal capacity; INGERLISHA MARTINEZ, as mother and next friend of the minor child A.M.; and ANDREA MORGAN, in her capacity as mother and next friend of the minor child D.P.,<br><br>Defendants. | No. 2:13-cv-00820-MCE-AC<br><br><br>**MEMORANDUM AND ORDER** |

Through the present motion, Plaintiff The Prudential Company of America ("Prudential") seeks discharge in interpleader now that the contested proceeds to its policy of group life insurance have been paid into the Court's registry. As set forth below, Prudential's Motion is granted.[1]

///

///

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.C. Cal. Local Rule 230(g).

1

# BACKGROUND

This is an interpleader action involving a dispute over entitlement to life insurance benefits payable as a result of the death of Xantavia M. Phillips ("Phillips" or "the Insured"). Phillips was killed on June 29, 2008, while on active duty with the United States Army in Fort Hood, Texas.

The underlying facts are undisputed. At the time of his death, Phillips was insured through a Servicemembers' Group Life Insurance policy ("SGLI policy") provided by Prudential to The Department of Veteran Affairs of the United States pursuant to 38 U.S.C. § 1965, et seq. As a result of the Insured's death, a total death benefit of $400,000.00 became payable under the SGLI policy. Because no signed beneficiary designations were on file, the death benefit was payable to the insured's surviving spouse, and if none, to the insured's surviving children in equal shares.

It is undisputed that the Insured was unmarried at the time of his death. Also undisputed is the fact that the insured left one legitimate child, D.P. from a prior marriage to Andrea Morgan. Proof of paternity between D.P. and the Insured has been conclusively established.[2] In addition to D.P., however, another child, A.M., has also claimed to be the Insured's issue. A.M.'s mother, Ingerlisha Martinez, has stated in a declaration that A.M. receives Social Security benefits as a result of the Insured's death. Ingerlisha further claims that the Insured claimed A.M. as a dependent when he filed his federal tax return with the Internal Revenue Service. Finally, while no direct DNA testing with the Insured was apparently performed, a January 3, 2013, DNA test established a 99.7% likelihood that A.M. is related to the Insured's mother, Clarice Phillips.

///
///

---

[2] Andrea Morgan had been named, along with her child, D.P. as co-equal beneficiaries of the SGLI policy by the Insured in an unsigned designation. Given that fact, Andrea was initially considered a potential claimant to the policy benefits and was named as a Defendant in this action. Since then, however, Andrea has waived, in writing, any entitlement to the policy proceeds.

Given D.P.'s unquestioned status as the Insured's child, one-half of the available SGLI policy benefits, or $200,000.00, has been paid to D.P., through his mother, Andrea Morgan, as guardian ad litem. Both Morgan and Ingerlisha Martinez, in their status as guardians ad litem for D.P. and A.M., however, claim entitlement to the remaining half of the total $400,000.00 benefit. Given those conflicting claims, Prudential filed the instant interpleader action on April 26, 2013. By Order filed April 23, 2014, this Court directed Prudential to pay the remaining policy benefits, plus accrued interest, into the Court's registry. ECF No. 44. A total of $206,957.47 was subsequently deposited with the Court on or about May 7, 2014.

Now that the disputed policy proceeds have been paid, Prudential, through the present motion, seeks a discharge from any further liability in this matter.

## ANALYSIS

A stakeholder holding funds or property to which conflicting claims may be made can protect itself from multiple liability and require potential claimants to litigate between themselves who is entitled to the funds or property, by commencing an action in interpleader. See, e.g., Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir. 1992). An interpleader action entails a two-stage process. "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants.'" Metro. Life Ins. Co. v. Billini, 2007 WL 4209405 at *2 (E.D. Cal. 2007) (quoting First Interstate Bank of Or. v. U.S., 891 F. Supp. 543, 546 (D. Or. 1995)). The motion presently before this Court focuses on the first stage of the interpleader process.

Jurisdiction over an interpleader may be established in two ways. A "rule interpleader" is brought pursuant to Federal Rule of Civil Procedure 22. Alternatively, subject matter jurisdiction for a so-called "statutory interpleader" rests on the Federal

Interpleader Act, 28 U.S.C. § 1335, and exists where there is diversity between the claimants, the amount in controversy exceeds $500.00, and the stakeholder has deposited the disputed funds with the Court. 28 U.S.C. § 1335.[3] Prudential has brought this action as a statutory interpleader. See Mot., 4:22-24, Compl, ¶ 8.[4]

The stakeholder seeking discharge and judgment in interpleader has the burden of demonstrating that interpleader is justified. Interfirst Bank Dallas, N.A. v. Purolator Courier Corp., 608 F. Supp. 351, 353 (D.C. Tex. 1985). Prudential has made that requisite showing. First, it is undisputed that A.M. lives in Louisiana, and that D.P. is a resident of California. Second, the funds in dispute obviously exceed $500.00 and have been deposited with this Court. Third, as set forth in the Background section of this Memorandum and Order, it is undisputed that both A.M. and DP claim entitlement to the remaining SGLI policy proceeds. Prudential has therefore demonstrated, as it must, that it faces the prospect multiple liability with respect to its policy proceeds because of conflicting claims. Id. Once the stakeholder, here Prudential, has satisfied the jurisdictional requirements of an interpleader claim, it is entitled to both a discharge of liability and a dismissal of the action. 28 U.S.C. § 2361; United States v. High Technology Products, Inc., 497 F.3d 637, 641-42 (6th Cir. 2007).

**CONCLUSION**

Because Prudential has demonstrated that it qualifies for a discharge in interpleader, Prudential's Motion for Interpleader Relief and Discharge (ECF No. 49) is GRANTED. Prudential is therefore discharged of any and all further liability to individuals with competing claims against the proceeds of Prudential's SGLI policy payable as a result of the June 29, 2008 death of Xantavia M. Phillips. Prudential is

---

[3] Statutory interpleader under 28 U.S.C. § 1335 is supplemented by 28 U.S.C. §§ 1397 and 2361.

[4] The Court notes that Prudential also alleges original jurisdiction on grounds that the underlying claims involve rights and liabilities governed by federal law; namely, the provisions of the Serviceman's Group Life Insurance statute, 38 U.S.C. § 1865.

1 | accordingly dismissed from this action with prejudice.  Although the first stage of the two-
2 | part interpleader process has now been completed, the remaining parties must still
3 | litigate their entitlement to the interpled funds in the second phase of these proceedings.
4 |     Counsel for Prudential shall serve a copy of this Memorandum and Order on all
5 | parties within thirty (30) days after the date it is electronically filed.
6 |     IT IS SO ORDERED.
7 | Dated:  July 22, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT