CANDICE L. FIELDS, SBN 172174
CANDICE FIELDS LAW
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 414-8050
Facsimile: (916) 790-9450
cfields@candicefieldslaw.com

Attorneys for Defendant A.M., A Minor
Appearing Through Guardian Ad Litem
INGERLISHA MARTINEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

A.M, a minor; D.P., a minor; ANDREA MORGAN in her personal capacity; INGERLISHA MARTINEZ, as mother and next friend of the minor child A.M.; and ANDREA MORGAN, in her capacity as mother and next friend of the minor child D.P.;

Defendants.

No. 2:13-cv-00820-MCE-AC

**ORDER RE: MOTION FOR APPROVAL OF PROPOSED SETTLEMENT, DISBURSEMENT OF FUNDS, AND DISMISSAL OF ACTION**

An Interpleader Complaint was filed by The Prudential Insurance Company of America ("Prudential") to resolve a dispute regarding life insurance proceeds governed by federal law. Through the Office of Servicemembers' Group Life Insurance, Prudential provides group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to Servicemembers' Group Life Insurance, under group policy number G-32000 ("SGLI Policy"). Xantavia was covered under the SGLI Policy in the amount of

$400,000 (the "Death Benefit"). *See* Complaint, ECF No. 1, at Exhibit B. Pursuant to 38 U.S.C section 1965 *et seq*., federal law governs the policy at issue.

Xantavia never executed an SGLI form designating his beneficiaries, although his file did contain an unsigned SGLI form that listed his (former) wife, Andrea Morgan ("Andrea") and their son D.P. as co-equal beneficiaries of the Death Benefit. *See id*., at Exhibit D. At the time of his death, Xantavia was divorced from Andrea and unmarried. *See id*.; *see* Waiver And Withdrawal Of Claim To Death Benefit ("Waiver"), ECF No. 41, at Exhibit A.

Pursuant to 38 U.S.C. section 1970, if no qualifying beneficiary designation exists at the time of an insured's death, the death benefit under the SGLI policy is payable to the insured's surviving spouse and, if none, to the insured's surviving children, in equal shares.

For purposes of a SGLI Policy determination, a child of an insured is defined as either (1) a legitimate child or (2) an illegitimate child of the alleged father only if (a) he acknowledged the illegitimate child in a writing signed by him; or (b) he had been judicially ordered to contribute to the illegitimate child's support; or (c) he had been, before his death, judicially decreed to be the father of such child; or (d) proof of paternity has been established by a certified copy of the public record of birth or church record of baptism showing that the insured was the informant and was named as the father of the illegitimate child; or (e) proof of paternity was established from service department records, such as school or welfare agencies, which show that with his knowledge the insured was named as the father of the child. *See* 38 U.S.C. § 1970(8).

Ingerlisha Martinez ("Ingerlisha"), who had a relationship with Xantavia prior to his marriage to Andrea, submitted a claim to the Death Benefit on behalf of her child A.M.. *See* Complaint, ECF No. 1, at Exhibit F. Andrea, both individually and on behalf of her child D.P., also submitted claims to the Death Benefit. *See id*., at Exhibits G and L. Thus, initially, there were three claimants: (a) Andrea individually, (b) D.P., and (c) A.M. Due to the dispute over entitlement to the Remaining Death Benefit, Prudential named all three claimants as defendants in this action. *See* Complaint, ECF No. 1.

///

Proof of paternity between D.P. and Xantavia was un-contested. *See* Complaint, ECF No. 1, at Exhibit L. D.P., as Xantavia's issue, therefore was entitled to one-half of the Death Benefit under either the unsigned beneficiary form or pursuant to 38 U.S.C. section 1970. Because there was no guardian of D.P.'s property or estate, Prudential caused D.P.'s undisputed 50% share of the Death Benefit, or $200,000, to be paid into a Letter of Indebtedness to be held by Prudential and which may be surrendered when D.P. reaches the age of 18 or when a guardian of D.P.'s property or estate is appointed. *See id*.

Pursuant to this Court's Order, Prudential deposited the other one-half of the Death Benefit, plus accrued interest, or $206,957.47, with the Court on or about May 7, 2014 ("Remaining Death Benefit"). *See* Order, ECF No. 44, and Receipt.

The parties have settled. Pursuant to their settlement agreement, A.M. is entitled to one-half of the insurance proceeds. Her guardian ad litem seeks the Court's approval of the proposed settlement and disbursement plan, including an award of attorneys' fees.

"District courts have a special duty, derived from Federal Rule of Civil Procedure ("FRCP") 17(c), to safeguard the interests of litigants who are minors. [. . .] In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.' *Dacanay v. Mendoza*, 573 F.2d 1357, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that 'a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem')." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). Referencing FRCP 17(c), Local Rule 202(b) provides that no claim by or against a minor may be settled absent an order by the Court approving the settlement. In actions in which the United States courts have exclusive jurisdiction, a motion for approval of a proposed settlement must be filed and shall disclose such information as may be required by the Court to determine the fairness of the settlement. *See id*., at 202(b)(2).

In *Robidoux v. Rosengren,* 638 F.3d 1177 (9th Cir. 2011), the Ninth Circuit provided guidance for a district court considering whether to approve a proposed settlement involving minors. In cases involving the settlement of a minor's federal claim, a court should determine "whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . Plaintiffs' counsel . . . ." *Id.*, at 1179. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed." *Id.*, at 1179. The Court has original jurisdiction over this Interpleader action under the provisions of 28 U.S.C. section 1331. Therefore, the court will be guided by *Robidoux*'s holding.

Each of the minors filed claims to the Death Benefit. *See* Complaint, ECF No. 1. If the unsigned beneficiary form is operative, D.P. would be entitled to all of the Death Benefit as a designated beneficiary (since Andrea waived her claim) and A.M.'s claim would have no value. If it is not operative, then Xantavia's children should divide the Death Benefit equally. *See* 38 U.S.C. § 1970(a) (if the insured did not designate a beneficiary in a writing received prior to death, and no widow, proceeds to the child or children).

The parties entered into a Settlement Agreement wherein, subject to court approval, A.M. is entitled to the Remaining Death Benefit (or $200,000 plus interest). Thus, the net amount distributed to each minor in the proposed settlement is as follows: $200,000 plus interest to D.P.; $200,000 plus interest to A.M. (less attorneys' fees).

Petitioner has provided the Court with similar cases wherein the order of beneficiaries, as set forth in 38 U.S.C section 1970, has been utilized when a servicemember fails to execute an SGLI beneficiary designation form. *See Prudential Ins. Co. of America v. West*, 324 F. Supp. 1049 (W.D. Ark. 1971). In another case cited by Petitioner, the court determined that evidence of the decedent's intent should not be used to determine the beneficiary of SGLI proceeds, as that practice would be inconsistent with

federal law. *See Mixsooke v. Prudential Life Ins. Co*., 2013 WL 600237 (D. Alaska 2013). In each of those cases cited by Petitioner, only the claimant whose name appeared on a fully executed SGLI form, or who was the designated beneficiary based upon the order of beneficiaries set forth in 18 U.S.C. section 1970, recovered any portion of the SGLI life insurance proceeds.

Considering the facts of the case, the minors' claims and recoveries in similar cases, the court finds the net recovery to each minor is fair and reasonable

Since this matter arises under federal law, the court will use the lodestar method to evaluate the fairness of the requested award of attorneys' fees. Counsel has provided billing entries evidencing that the amount of time worked on this case, exclusive of the time incurred by A.M.'s other counsel, attorneys Mack and Paxton, totals 150.2 hours. Based on the legal services provided and the legal issues addressed, the court finds the hours billed in this case are reasonable.

Counsel has charged $350 per hour in this case and has provided the court with a declaration regarding the prevailing market rate in the Eastern District of California for work done by experienced attorneys in similar civil cases. The court finds $350 per hour a reasonable rate for attorney Fields in this case.

By multiplying a total of 150.2 hours reasonably incurred by attorney Fields times a reasonable rate of $350 per hour, reasonable attorneys' fees in this case total $52,570. While fees incurred are slightly greater than the $50,000 Contingency Fee called for in the Contingency Fee Contract (25% of the remaining gross amount, after deduction for cost advanced, of any recovery obtained by the way of settlement or compromise), counsel for A.M. (Attorney Fields and Mack) waives fees that exceed the contracted amount. Further, counsel waives any claim for recovery of costs and waives any claim to accrued interest on A.M.'s net recovery. The court finds that reasonable attorneys' fees in this case total $52,570. In light of attorney Fields and Mack waive fees in any amount greater than 25%, the court awards attorney Fields the reduced sum of $50,000 (from which 10%, or $5,000, shall be paid to attorney Mack).

The Louisiana state court is best suited to determine, under that state's laws, the reasonableness of attorney Paxton's requested award in the amount of $5,000. Therefore, this Court will issue a ruling concerning the reasonableness of attorney Paxton's award upon review of the state court order in this regard.

The court notes that Prudential has been dismissed and waived any claim for an award of fees or costs. *See* Memorandum and Order ECF No. 53. The court further notes that D.P. is not represented by counsel and his guardian has waived any claim for fees or costs. *See* Settlement Agreement, Exhibit A to Fields Dec., at ¶ 2.

Pursuant to Local Rule 202(e), money that is recovered on behalf of a minor must be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor. A.M. and her mother reside in Richland Parish, Louisiana.

The court finds that it would be in A.M.'s best interest, and make the most sense, to obtain state court approval of a plan for the distribution of A.M.'s net recovery in this action. The court acknowledges the draft Petition to Withdraw the Minor's Funds and to Set Court Approval of Payments on Behalf of the Minor ("state court Petition") drafted by Louisiana attorney James E. Paxton, who has been retained by A.M.'s mother. *See* Petition, Exhibit F to Fields Dec. The court directs attorney Fields to ensure that the Petition is filed in the Fifth Judicial District Court In And For The Parish Of Richland - State Of Louisiana.

Attorney Paxton asks this Court to waive Local Rule 202(f), which requires state court orders authorizing interim disbursements to be reviewed by an assigned Magistrate Judge in the Eastern District of California, based upon the procedural safeguards that Louisiana has in place sufficiently protect the property of a minor. *See* Declaration of James E. Paxton at ¶¶ 3 - 5. The court finds that it is appropriate to waive future compliance with Local Rule 202(f).

///

///

Based upon the courts findings herein, the motion is GRANTED. The court approves the settlement of the minors' claims. Further, the court approves a fee award to attorney Fields in the amount of $50,000.

The Court hereby waives future compliance with Local Rule 202(f).

Upon receipt and approval of a properly fashioned state court order, the Court shall direct the Clerk to disburse funds deposited into the Court's Registry (Order, ECF 44), as follows: the Remaining Death Benefit plus accrued interest, less $50,000, to the registry of the Fifth Judicial District Court In And For The Parish Of Richland – State Of Louisiana.

Attorney Fields shall provide this court with proof that the that the minor's money has been deposited in a blocked interest-bearing account held with a banking institution that is insured with the Federal Deposit Insurance Corporation until the minor reaches the age of 18, within 20 days of deposit.

Upon the Court's confirmation that the state court distribution plan has been completed, the Court shall direct the Clerk to disburse the remaining balance, in the amount of $50,000, to attorney Fields.

If what is ordered occurs, this action shall be dismissed with prejudice with each side to bear its own cost.

Dated: December 22, 2014

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT